## Warnock Building Association v. Fride et ux.

*Building and loan associations—Default in payments—Entry of judgment before default—Act of July 5, 1917.*

1. A building and loan association has no right, under the Act of July 5, 1917, P. L. 675, to issue execution on a judgment on a bond accompanying a second mortgage until the stockholder has been three months in arrear in payment of interest, fines and dues, and such three months must be computed from the time the first default occurs.

2. The fact that the stockholder failed to pay at three successive meetings of the association does not constitute three months' default, if in fact three months had not expired from the date of the first default.

Rule to open judgment. C. P. No. 1, Phila. Co., March T., 1927, No. 14014.

*T. E. Nichterlein,* for plaintiff; *L. Wagner,* for defendant.

TAULANE, J., June 2, 1927.—This is a rule to open a judgment entered on a bond accompanying a building association mortgage.

The averment of default alleges that the defendants failed to pay the interest, fines and dues on stock for more than three months after the same fell due.

The facts are undisputed.

The bond is dated Dec. 7, 1926, and is conditioned for the payment of $4000 "with interest thereon payable monthly, together with all fines imposed by the constitution and by-laws of the aforesaid association, on the first Monday of each and every month hereafter, and also well and truly to pay or cause to be paid unto the obligee . . . the sum of $20 on the said first Monday of each and every month hereafter, as and for the monthly contributions on twenty shares of the capital stock of the obligee . . . assigned as collateral security for said indebtedness."

The bond further provides: "Provided, however, and it is hereby expressly agreed, that, if at any time default shall be made in the payment of said principal money when due, or of the said interest, or of the said fines, or of the monthly contributions on said shares of stock assigned as collateral security as aforesaid, for the space of three months after any payment thereof shall fall due . . . then and in such case the whole principal debt aforesaid shall, at the option of the obligee, its successors or assigns, immediately thereupon become due, payable and recoverable, and payment of said principal sum, and all interest, and all fines, as well as any contributions on said shares of stock assigned as collateral security as aforesaid, then due . . . may be enforced and recovered at once, anything herein contained to the contrary thereof notwithstanding."

The defendants failed to pay the interest, fines and dues payable on the first Monday of March, April and May, 1927, the first Monday of May being May 2nd.

On May 3, 1927, the plaintiff entered judgment on the bond, claiming that the defendants were three months in arrear, and, on May 4, 1927, issued execution.

The right of a building association to declare the payment of the principal of a mortgage to be due is conditioned upon the stockholder being three months in arrear, if the mortgage be not a first mortgage (Act of April 10, 1879, P. L. 16, as amended by the Act of July 5, 1917, P. L. 675). The mortgage in question is a second one. The language of the act is clear; it provides: "In case of non-payment of instalments of stock, premiums, dues or interest by borrowing stockholders for the space of six months where the loan or loans to the stockholder is secured by a first lien, and for the space of

three months where the loan or loans to the stockholder is otherwise secured, payment of the same, together with the full principal of the loan, may be enforced by proceeding on their securities according to law."

The provisions of the bond are in accord with the requirements of the act. On May 3, 1927, the defendants were not three months in arrear. They were not in arrear at all until the first Monday of March (the 7th), and the amount due on that day would not be three months in arrear until June 7, 1927.

The language of the bond and the act of assembly are too clear to admit of any doubt that the three months must be computed from the time the first default occurs.

Counsel for the plaintiff contends that the defendants' failure to pay at three successive meetings of the association constitutes three months' default. With this contention we are unable to agree, and there is no justification for such an interpretation. It may be that officers of building associations have generally acted on such an interpretation, but that is no reason to disregard the plain language of the bond. (Sundheim on Building Associations (2nd ed.), § 167, page 171.)

The defendants were not three months in default on May 3, 1927. The plaintiff may still pursue its remedy on the judgment entered on the bond as the warrant to confess judgment was a general one and in no way conditioned on a default.

As the defendants withdrew their rule to strike off the judgment, we need not consider whether the judgment was properly entered. Opening the judgment would only result in unnecessary delay, and the same result can be accomplished by striking off the writ of execution as prematurely issued. It is needless to say that the defendants have the right to make any payments on account prior to June 7, 1927, to relieve them of default.

And now, to wit, June 2, 1927, the defendants' rule to open the judgment is discharged.

And it is further ordered that the writ of *fieri facias* be and hereby is set aside and the sheriff's sale on June 6, 1927, stayed.

And it is further ordered that, if the defendants be three months in default at any time on or after June 8, 1927, the plaintiff may file an amended averment of default and assessment of damages and issue an *alias* writ of execution.